## VALIDITY OF THE ELECTRIC RAILWAY STREET CROSSINGS ACT.

Circuit Court of Cuyahoga County.

Village of Rocky River, v. The Lake Shore Electric Railway Company.

Decided, June 2, 1911.

*Constitutional Law—Section 9118, General Code, Constitutional.*

Section 9118, General Code, which provides that the court of common pleas shall have jurisdiction to fix the manner and mode of crossing streets in a municipality by electric street railroads and the compensation, if any, to be paid therefor, is constitutional.

*D. F. Miller*, for plaintiff in error.
*W. B. & H. H. Johnson*, contra.

Marvin, J.; Winch, J., and Henry, J., concur.

A question in this case is made by the defendant in error, that by reason of the entry made in the court below, the case is not reviewable on error. The language of the entry is as follows:

"By consent of the parties herein, it is ordered, adjudged and decreed that the certain manner and mode of effecting the crossings of said Blount street and said Wooster road in the village of Rocky River, with the tracks of said defendant herein as indicated in a certain map or plat attached to the amended answer of defendant herein and marked 'Exhibit A' thereto, is a proper and reasonable manner of effecting said crossings, and it is further ordered, adjudged and decreed that said plaintiff shall lay or cause to be laid," etc.

There is a peculiarity about the record in this case, to which attention was not called at the hearing, which is, that, though a motion for new trial was filed by the village of Rocky River on the 28th day of November, 1910, it was never disposed of. The petition in error was filed in this court on the 23d of March, 1911. Thereafter, on the 6th of April, 1911, leave was given in the court of common pleas to the village to file an amended answer of November 25th, 1910, and on the same day the motion

of the village for a new trial was withdrawn.   These proceedings of April 6th, 1911, appear by an additional transcript filed here, or at least found in the file wrapper here, but without any mark of filing upon it.

As we view the case, however, it is not necessary to say what effect the entering of judgment by consent of the defendant below or the withdrawal of the motion for new trial, or the fact that such motion was not passed upon by the court before proceedings in error were instituted, would have, because we find no error in the case which would justify its reversal in any event.

The action below, brought by the railroad company under Section 9118, General Code (101 Ohio Laws, 375), was that the court of common pleas might determine the mode and manner of crossing the streets named, in the village, with the tracks of the railroad, and the compensation to be paid therefor.   The proceedings were in exact conformity with the provisions of the statutes, and the only claim of error is that the statute is unconstitutional.   There is nothing said in the statute as to a jury to assess the damages, the language being:

"The court of common pleas, thereupon, shall have jurisdiction of the parties and of the subject-matter of the petition, and may proceed to examine the matter offered by the evidence, by reference to a master commissioner, or otherwise, and upon the final hearing of said cause, the court shall enter its decree fixing the manner and mode of such crossing and the compensation, if any, to be paid therefor."

Whether, under this provision, the parties would have the right to have the damages assessed by a jury, we do not need to determine here.   For if this can not be done under the statute, still the statute does not come under Article I, Section 19, of the Constitution, which provides that where *private* property is taken for public use, damages shall be assessed by a jury.   The streets in which the company seeks to acquire rights in this proceeding are not private property, but have already become public property by being streets of a municipality, and what is sought is to subject this public property to an additional public use.   The case of *Zanesville* v. *Tel. & Tel. Cos.*, 64 O. S., 67, seems directly in point.   We reach the conclusion that the judgment below should be affirmed.